

# FILED

DEC 15 2010

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DONNA KAY LEE,

              Petitioner - Appellant,

   v.

DEBRA JACQUEZ, Acting Warden of
Central California Women's Facility at
Chowchilla, California - Substituted for
Gwendolyn Mitchell,

              Respondent - Appellee.

No. 08-55919

D.C. No. 2:01-cv-10751-PA-PLA

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Argued and Submitted December 7, 2010
Pasadena, California

Before: TROTT and WARDLAW, Circuit Judges, and BREWSTER, Senior
District Judge.[**]

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The Honorable Rudi M. Brewster, Senior United States District Judge
for the Southern District of California, sitting by designation.

Donna Kay Lee appeals the District Court's denial of her petition for habeas corpus. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253, and we affirm in part, and reverse and remand in part.

The California Court of Appeal's conclusion that Lee's severance motion was properly denied by the trial court was not objectively unreasonable. A failure to sever does not rise to the level of a due process violation unless it creates a serious risk of "compromis[ing] a specific trial right of one of the defendants," or of "prevent[ing] the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993). Lee has not shown how the joint trial violated her due process rights: as the Court of Appeal reasoned, "both defendants blamed unknown assailants for the murders and they both claimed to have themselves been victims of those unknown assailants." Nor does Lee point to any specific trial rights that were violated as a result of the joint trial.

The California Court of Appeal's determination that the trial court's exclusion of battered women's syndrome evidence under California Evidence Code § 352 did not violate Lee's due process rights was not objectively unreasonable. The exclusion of critical evidence may violate a defendant's due process rights if it deprives the defendant of "a fair opportunity to defend against a state's accusations." *Chambers v. Mississippi*, 410 U.S. 284, 294 (1973). However, as the Court clarified in *Montana v. Egelhoff*, 518 U.S. 37 (1996), this is a highly

case-specific inquiry, and the exclusion of relevant evidence does not automatically rise to the level of a due process violation. *Id.* at 53. Although this evidence may have been relevant to explain Lee's memory loss and thus bolster her credibility, Lee's expert witness was permitted to testify about how prior trauma could lead to the dissociation and memory loss that Lee suffered in the days immediately following the stabbing; general evidence of the sexual relationship between the co-defendants was admitted; trial counsel argued that Lee was a battered woman in opening and closing arguments; and the evidence of Lee's guilt was overwhelming. Therefore, the Court of Appeal did not act objectively unreasonably by concluding that Lee was not deprived of the opportunity to present a defense.

The district court concluded that Grounds 5-11 in the Second Amended Petition and Supplemental Grounds 1-4 were procedurally barred because the California State Supreme Court dismissed them under *In re Dixon*, 41 Cal. 2d 756 (1953). The district court relied on a report and recommendation that erroneously concluded that the Ninth Circuit had found the *Dixon* rule to be an independent and adequate state law ground. Nevertheless, the district court granted a certificate of appealability on that very question.

On appeal, Lee presented evidence challenging the independence and adequacy of *In re Dixon* at the time of Lee's procedural default. We remand this

question to the district court to permit the Warden to submit evidence to the contrary, and for consideration by the district court in the first instance. *Bennett v. Mueller*, 322 F.3d 573, 586 (9th Cir. 2003). Each party shall bear its own costs.

**AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.**